IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 08-cr-00471-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WILLIAM BRUCE,

    Defendant.

## ORDER REGARDING INABILITY TO RESTORE COMPETENCY

    This matter comes before the Court on Defendant's Motion to be Brought to Court in Connection with Further Proceedings on This Matter [Docket No. 31]. The United States filed a response [Docket No. 32], and the defendant filed a reply [Docket No. 35].

    On January 15, 2009, the Court held a hearing on the defendant's Motion for Hearing and Psychiatric Evaluation [Docket No. 8]. The Court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    Pursuant to 18 U.S.C. § 4241(d)(1), the Court committed the defendant to the custody of the Attorney General for hospitalization and treatment for a reasonable time to determine whether there was a substantial probability that in the foreseeable future

he would attain the capacity to permit the proceedings to go forward. Pursuant to the Court's January 15, 2009 Order, the Federal Bureau of Prisons ("BOP") hospitalized the defendant at the Federal Medical Center at Butner, North Carolina. The Court granted the BOP additional time for restoration of competency on July 1, 2009.

Through a Forensic Evaluation dated November 9, 2009, the BOP determined that the defendant remains mentally incompetent to stand trial in that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. November 2009 Forensic Evaluation at 15. The Forensic Evaluation noted that the "primary evaluator was unable to have any rational, reasonable, or goal oriented conversation related to his current legal charges" with the defendant. November 2009 Forensic Evaluation at 6.

Regarding the issue of whether Mr. Bruce could be restored to competency, the Forensic Evaluation explained that, although the BOP expected to see improvements in defendant's psychiatric condition, such improvements did not materialize. November 2009 Forensic Evaluation at 4. The evaluators informed the defendant on several occasions of the consequences of not being restored to competency (i.e. possible indefinite commitment), but such discussions caused no change in his behavior. November 2009 Forensic Evaluation at 6. After eight months of attempts to restore the defendant to competency, the BOP concluded that he could not be restored: "It is the opinion of this primary evaluator even if his psychiatric symptoms could be controlled with medication, he would not be restored to competency due to the significant cognitive deficits due to his head injury, which would remain." November 2009 Forensic Evaluation at 14.

Defense counsel argues that Mr. Bruce is entitled to be present for a determination under 18 U.S.C. § 4241(d) that his "mental condition has not so improved as to permit proceedings to go forward." For the reasons stated at the hearing on March 9, 2010, the Court finds no support for this position and no basis on which to conclude that Mr. Bruce's presence at such a hearing would have a material bearing on the issue of whether he has been restored to competency.

After reviewing the November 2009 Forensic Evaluation and the briefing on Defendant's Motion to be Brought to Court in Connection with Further Proceedings on This Matter, and after taking into account the arguments of counsel at the March 9, 2010 hearing, the Court finds by a preponderance of the evidence that the defendant remains incompetent under 18 U.S.C. § 4241 in that he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court also determines, pursuant to 18 U.S.C. § 4241(d), that the defendant's mental condition has not so improved as to permit proceedings to go forward. The Court finds, based upon the uncontradicted evidence contained in the November 2009 Forensic Evaluation, that the defendant cannot be restored to competency.

Wherefore, it is

ORDERED that defendant William Bruce is committed to the custody of the Attorney General for proceedings under 18 U.S.C. § 4246.

DATED March 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge